IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS HERNANDEZ, | ) | |
| Plaintiff, | ) | Civil Action No. 11-235Erie |
| | ) | |
| v. | ) | |
| | ) | |
| K.P. REISINGER, | ) | Magistrate Judge Baxter |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER[1]

**M.J. Susan Paradise Baxter**

This civil action was filed in this Court on October 7, 2011.  Plaintiff, a state prisoner, brought this civil rights action under 42 U.S.C. § 1983 claiming that his constitutional rights were violated during his incarceration.  Plaintiff alleges that Defendant Reisinger, a hearing examiner, violated his rights during a misconduct hearing held around August 19, 2011.  As relief, Plaintiff seeks monetary damages, as well as the expungement of his record.

Defendant has filed a motion to dismiss.  ECF No. 10.  Despite being given the opportunity to do so, Plaintiff has not filed a brief in opposition to the pending dispositive motion.  The issues are ripe for disposition by this Court.

A.  **Standards of Review**

 1)  *Pro Se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520-521 (1972).  If

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment.  See ECF Nos. 4, 9.

1

the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2)  Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit subsequently expounded on the Twombly/Iqbal/Phillips line of cases:

> To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.'
> 
> * * *

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. **First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief.** A complaint has to 'show' such an entitlement with its facts. As the Supreme Court instructed in Iqbal, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief.' This 'plausibility' requirement will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (emphasis added) (internal citations omitted).

### 3) Motion for summary judgment pursuant to Rule 56

Defendant has submitted exhibits in support of her dispositive motion. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.[2] See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment

---

[2] In accordance with the directive of the Third Circuit in Renchenski v. Williams, 622 F.3d 315 (3d Cir. 2010), Plaintiff was notified that the pending motion to dismiss could be treated, either in whole or in part, as a motion for summary judgment under Rule 56. See ECF No. 12 ("The parties are on notice that failure to respond to the pending motion may result in the entry of judgment against the nonmovant.").

4

motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims.  Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

Under Rule 56, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed.R.Civ.P. 56(c)(1)(A). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim.  Celotex, 477 U.S. at 322.  See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).  The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).

B. **Due process analysis**

Plaintiff alleges that his due process rights[3] were violated by Hearing Examiner Reisinger at a disciplinary hearing held on charges of Sexual Harassment and Using Inappropriate Language toward an Employee. Plaintiff contends that Reisinger refused to view a videotape which he believes would exonerate him of the charges.

In Wolff v. McDonnell, the Supreme Court held that a prisoner facing the deprivation of a constitutionally cognizable liberty interest following an administrative hearing has a due process right to certain procedural protections. 418 U.S. 539 (1974). At a prison disciplinary hearing, due process requires that the inmate: (1) appear before an impartial decision-making body; (2) be given not less than 24 hours written notice of the charges against him; (3) be afforded the opportunity to call witnesses and present documentary evidence; (4) be permitted assistance from an inmate representative; and (5) receive a written decision explaining the decision-maker's conclusions. Id. at 563-71. However, an inmate's due process rights are not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). See also Burns v. Pa. Dep't of Corr. , 642 F.3d 163, 171 (3d Cir. 2011) ("inmates are generally not entitled to procedural due process in prison disciplinary hearings because the sanctions resulting from those hearings do not usually affect a protected liberty interest.").

Plaintiff's complaint is light on facts and he has not filed an opposition brief. Plaintiff has not pleaded facts sufficient to imply that the disciplinary action to which he was subjected imposed an atypical hardship. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (holding that seven months' disciplinary confinement "does not, on its own, violate a protected

---

[3] Plaintiff also invokes the Eighth Amendment, but there are no facts alleged to support an Eighth Amendment claim.

6

liberty interest as defined in Sandin."); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (confinement in administrative custody for fifteen months not atypical or significant hardship).

In her motion to dismiss, Defendant has provided evidence that as a result of the misconduct Plaintiff was sanctioned with sixty days of assignment to the Restricted Housing Unit (ECF No. 11-1). See Crosby v. Piazza, 465 Fed.Appx 168, 171-72 (3d Cir. Feb.29, 2012) (270 days in RHU did not trigger protections of Due Process Clause). Accordingly, Plaintiff was not entitled to the protections of the Due Process Clause and this case will be dismissed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUIS HERNANDEZ,** | ) | |
| Plaintiff, | ) | Civil Action No. 11-235Erie |
| | ) | |
| v. | ) | |
| | ) | |
| **K.P. REISINGER,** | ) | Magistrate Judge Baxter |
| **Defendant.** | ) | |

**O R D E R**

AND NOW, this 10th day of August, 2012;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 10] be GRANTED. The Clerk of Courts is directed to close this case.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge